IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE HENDERSON, # 106899,       )
                               )
     Petitioner,              )
                               )
v.                           )   CASE NO. 2:19-CV-270-WKW-SMD
                               )
KARLA JONES, *et al.,*        )
                               )
     Respondents.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Alabama inmate Joe Henderson commenced this action by filing a document styled as a "Petition for Writ of Mandamus: Writ of Prohibition" in the United States District Court for the Northern District of Alabama.  (Doc. 1).  On April 12, 2019, upon finding that Henderson's filing constituted a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his November 1990 conviction for first-degree robbery in the Elmore County Circuit Court, the Northern District court entered an order transferring Henderson's petition to the Middle District of Alabama for hearing and determination.  *See* (Docs. 4, 5).  The case is now before this court on Henderson's *pro se* 28 U.S.C. § 2254 petition.

In his § 2254 petition, Henderson presents claims that (1) he was convicted of an offense, first-degree robbery, not included in the indictment charging him with capital murder; (2) he was improperly sentenced as a habitual offender to serve life in prison without the possibility of parole; and (3) his lawyer on direct appeal rendered ineffective

assistance of counsel.    (Doc. 1) at 1–16.    For the reasons that follow, it is the
recommendation of the Magistrate Judge that Henderson's § 2254 petition be dismissed as
a successive petition filed without the required appellate court authorization.

## II.  DISCUSSION

Henderson challenges his state conviction, and he is in custody under the judgment
of an Alabama court.    Therefore, 28 U.S.C. § 2254 applies to his petition whatever his
manner of designation.    *See Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003);
*Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004).    A state prisoner cannot evade the
procedural requirements for § 2254 petitions simply by calling his petition something else.
*See Thomas*, 371 F.3d at 787.    This court must apply the procedural restrictions applicable
to § 2254 petitions to Henderson's petition.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application
permitted by this section is filed in the district court, the applicant shall move in the
appropriate court of appeals for an order authorizing the district court to consider the
application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order
authorizing the district court to consider a second or successive application shall be
determined by a three-judge panel of the court of appeals" and may be granted "only if [the
assigned panel of judges] determines that the application makes a prima facie showing that

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1]  28 U.S.C.

§ 2244(b)(3)(B) & (C).

A review of this Court's records reveals that Henderson has filed three previous

habeas petitions under 28 U.S.C. § 2254 challenging his November 1990 first-degree

robbery conviction and life-without-parole sentence.  *See Henderson v. White*, Civil Action

No. 2:92cv1343-TMH (M.D. Ala. 1994); *Henderson v. Mitchem*, Civil Action No.

2:03cv559-MHT (M.D. Ala. 2003); *Henderson v. Mitchem*, Civil Action No. 2:03cv620-

WHA (M.D. Ala. 2003).  In Henderson's initial § 2254 action, this Court determined that

his petition was due to be denied and dismissed with prejudice because Henderson was

procedurally defaulted on each of his claims for relief.  *See Henderson v. White*, Civil

Action No. 2:03cv559-MHT, *supra*.  This Court dismissed Henderson's second and third

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).  Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

§ 2254 petitions under the provisions of 28 U.S.C. § 2244(b)(3)(A) because Henderson had not obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive applications for habeas relief.  *See Henderson v. Mitchem*, Civil Action No. 2:03cv559-MHT, and *Henderson v. Mitchem*, Civil Action No. 2:03cv620-WHA, *supra.*

Henderson's instant § 2254 petition is a successive petition and is therefore subject to the limitations of § 2244(b).  Henderson furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition. "Because this undertaking [is a successive] habeas corpus petition and because [Henderson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *see Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be summarily dismissed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Henderson's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED for want of jurisdiction, as Henderson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before June 7, 2019, Petitioner may file objections to the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 24th day of May, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE